IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MALIK NELSON, : <br> : <br> Defendant. : <br> : | Crim. No. 06-520-6 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Malik Nelson's Motion for Reduction of Sentence under the First Step Act ("Motion") (ECF No. 388). For the reasons set forth below, Nelson's Motion is **DENIED**.

**I.    BACKGROUND**

**A.  Factual Background**

Nelson is an inmate in federal custody at Federal Correctional Institution McKean ("FCI McKean"). (ECF No. 395, "Govt. Opp'n" at 4). Following an April 2008 trial, a jury found Nelson guilty of conspiracy, distributing, and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). (*Id.* at 3); (ECF No. 268). On August 13, 2008, the trial court sentenced him to 360 months in federal prison. (*Id.*); (ECF No. 288).

On May 15, 2019, Nelson filed a motion for reduction of sentence under § 404(b) of the First Step Act. (ECF No. 364). Following a hearing on the record, this Court denied that motion on December 14, 2020. (ECF No. 383). On August 27, 2021, Nelson filed this new motion *pro se* seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19

1

pandemic. (Motion). The United States opposed Nelson's motion on June 27, 2022, (Govt. Opp'n), to which Nelson responded on August 1, 2022. (ECF No. 396, "Def. Reply").

## II.     LEGAL STANDARD

### A. Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons ("BOP"), for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

As such, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. Before bringing a motion for reduced sentence on their own behalf, a defendant "must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the

2

defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, Crim. No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (*quoting United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, there is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.

The Third Circuit recently held that courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons" when considering prisoner-initiated motions. *United*

3

*States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id.* at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

### III.   DISCUSSION

Neither Nelson nor the United States indicates whether Nelson has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Nonetheless, because the United States does not argue that Nelson has failed to exhaust his remedies, the Court will proceed to the merits of Nelson's motion.

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule, not a jurisdictional prerequisite. *See United States v. Banks*, Crim. No. 21-2674, 2022 WL 832049, at *2 (3d Cir. 2022) ("Section 3582(c)(1)(A)'s exhaustion requirement is generally considered a 'mandatory claim-processing rule.'" (citation omitted)); *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022) (holding that § 3582(c)(1)(A)'s "exhaustion requirement is not a jurisdictional limitation: as several circuits previously have held, it is a non-jurisdictional claim-processing rule." (citing *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021))). "[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)); *United States v. Fields*, 569 F. Supp. 3d 231, 236 (E.D. Pa. 2021) ("As the government has not asserted failure to exhaust as an affirmative defense, it is forfeited."); *see also United States v. Armstrong*, Crim. No. 14-633, 2022 WL 1261530, at *2 (D.N.J. Apr. 27, 2022) ("Based on Defendant's representation and the lack of dispute by the

4

Government, the Court will accept that Defendant has exhausted his administrative remedies for the purposes of analyzing this motion."). Since the Government does not contest exhaustion, the Court turns its focus to the second step of the analysis.

### A. Extraordinary and Compelling Reasons

Nelson contends that his case warrants compassionate release because of the risk COVID-19 poses to the incarcerated, his rehabilitative efforts while in prison, and the harsh prison conditions that he has endured due to the global pandemic. (Motion at 2–10).

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants who successfully move for compassionate release through § 3582(c)(1)(A) on COVID-19 grounds demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

Nelson has not demonstrated that he faces an actual, non-speculative risk of exposure to COVID-19 at FCI McKean. There are currently sixteen active cases of COVID-19 among inmates and six active cases among staff at FCI McKean. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 20, 2022). As of October 20, this is the second largest number of active cases among inmates, however, those sixteen active cases are among an inmate population of 1,114. *Id.*; *FCI McKean*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mck/ (last visited Oct. 20, 2022). Moreover, 997 inmates at FCI McKean have been fully vaccinated against COVID-19 to date, and inmates have

5

been offered booster shots. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 20, 2022). The vaccination of inmates greatly reduces the risk of COVID-19 exposure and infection within the facility. *See United States v. Martinez*, Crim. No. 16-503, 2022 WL 1320618, at *4 (D.N.J. May 2, 2022) ("The likelihood of a COVID-19 infection has also been greatly reduced by vaccination of [the defendant] and others at the prison."). Nelson's argument that the pandemic presents an ongoing risk to him due to his incarceration, (Motion at 3–5), applies equally to all incarcerated people and does not constitute an extraordinary and compelling reason for compassionate release.

Nor has Nelson established that he faces uniquely high risks from COVID-19 that are so extraordinary and compelling as to justify release. Indeed, Nelson does not mention any specific conditions, other than age, that would place him at higher risk for severe illness from COVID-19. (*See* Def. Reply at 9); (*see generally* Motion). The CDC has recognized that "older adults"—those at least sixty-five years old—are at high risk for severe infection or death if infected with COVID-19. *Medical Conditions*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 20, 2022). Nelson, though, is only forty-one years old, and thus his age does not put him at a high risk of severe COVID-19 infection. *Somerville*, 463 F. Supp. 3d at 597 ("[The defendant] is 41 years old, and therefore not in a high-risk age group.").

Perhaps most importantly, Nelson is fully vaccinated against COVID-19, (Govt. Opp'n at 5), and therefore substantially protected from COVID-19 infection and, in the case of another breakthrough infection, from severe symptoms. *See United States v. Williams*, No. CR 11-00421-SDW-1, 2022 WL 950994, at *2 (D.N.J. Mar. 29, 2022) ("If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant 'will contract

6

COVID-19 and become seriously ill.'") (collecting cases). The Third Circuit has recognized in an unpublished decision that "[g]iven vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that he is 'unable to receive or benefit from a vaccine' or that he 'remain[s] vulnerable to severe infection, notwithstanding the vaccine.'" *United States v. Estevez-Ulloa*, Crim. No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) (citing *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)). Nelson has not made this showing here.

Nelson puts forth several other arguments for compassionate release that the Court will address in turn. First, Nelson's adverse childhood experiences, (Motion at 12–13), which the Court took account of during sentencing, do not justify compassionate release here. *See* Presentence Report ¶ 189; *cf. United States v. Rivera*, Crim. No. 06-849, 2022 WL 3152654, at *3 (D.N.J. Aug. 8, 2022) ("[T]his Court already took Defendant's age into account at the time of Defendant's sentence and thus it does not present a reason now for compassionate release."). Second, Nelson's rehabilitative efforts while incarcerated, (Motion at 8); (Def. Reply at 7), likewise do not constitute an extraordinary and compelling reason for release. *See United States v. Garrett*, Crim. No. 18-125, 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) *aff'd*, No. 22-2129, 2022 WL 3226615 (3d Cir. Aug. 10, 2022) ("[A] defendant's rehabilitation 'is not, by itself, an extraordinary and compelling reason.'" (citing U.S.S.G. 1B1.13, Application Note 3)). Last, "the fact that [] Defendant has experienced strict lockdowns because of COVID-19 is not a reason that justifies compassionate release." *United States v. Ali*, Crim. No. 11-00752, 2022 WL 3357915, at *4 (D.N.J. Aug. 15, 2022).

7

Therefore, although the Court does not wish to minimize Nelson's concern for his well-being or the seriousness of the COVID-19 pandemic for those in custody, we find that Nelson has failed to demonstrate that his circumstances warrant compassionate release.

### B. Section 3553(a) Factors

An analysis of the Section 3553(a) factors further supports the denial of Nelson's request for release. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Nelson offers no argument as to how the factors weigh in his favor, except to say that the "§3353(a) factors warrant a reduction in Nelson's sentence to time served." (Def. Reply at 15–16). By contrast, the Government argues that the factors weigh against release because Nelson has an extensive criminal history, because Nelson remains a danger to the community, and because the present offense involved distributing many kilograms of cocaine. (Govt. Opp'n at 15–16).

Although the Court commends Nelson for the positive steps that he has taken during his incarceration, (*see* Motion at 8, 13–14); (Def. Reply), the Court agrees with the United States that the § 3553(a) factors counsel against release. The nature and circumstances of Nelson's crime—namely, trafficking large quantities of cocaine—weigh against early release. Given the

nature of this crime and Nelson's extensive criminal record, the Court is mindful of the need for the sentence imposed to protect the public. Moreover, the Court believes that the present sentence is needed to provide just punishment and specific deterrence for Nelson, and he has only served a little over half of his sentence at this point. (*See* Govt. Opp'n at 4, 16); (Def. Reply at 5). Accordingly, the Court finds that the § 3553(a) factors weigh against release.

## IV.   CONCLUSION

For the reasons expressed above, Nelson's Motion (ECF No. 388) is **DENIED.** An appropriate order follows.

Dated: October 24, 2022                                                  /s/ Robert B. Kugler
                                                                                                                   ROBERT B. KUGLER
                                                                                                                   United States District Judge